125 Cal.App.3d 931 (1981)
178 Cal. Rptr. 452
VISITACION D. JABOLA, Plaintiff and Appellant,
v.
PASADENA REDEVELOPMENT AGENCY, Defendant and Respondent.
Docket No. 61326.
Court of Appeals of California, Second District, Division Four.
November 23, 1981.
*933 COUNSEL
Russell Iungerich and Judith M. Mitchell for Plaintiff and Appellant.
Weiser, Kane, Ballmer & Berkman, Herbert M. Weiser, James D. Clark, T. Brent Hawkins and Suzanne Leidner for Defendant and Respondent.
OPINION
KINGSLEY, Acting P.J.
Petitioner appeals from a judgment sustaining her termination as an employee of respondent agency. We reverse the judgment.
Petitioner had been employed by the agency for seven and one-half years, having been appointed as, and serving as, a principal accountant for the last two and one-half years. She applied for a raise in salary. Her raise was approved by her immediate supervisor (Mrs. Perez) and by Mr. Shepard, the executive director of the agency. Petitioner was asked to sign a "Personnel Action Form," in which the raise was approved, but, for personal reasons refused to sign that form previously signed by her superiors. The form, a multipart document would, in ordinary course, have been given to Ms. May, the administrative officer, after being executed by petitioner; Ms. May would then have seen that the copies were distributed to various divisions of the agency, one copy going to the payroll department, which would then process the raise for payment. In some unexplained fashion,[1] the payroll form was delivered *934 to payroll without having been signed by petitioner or routed through Ms. May. On November 30, 1979, petitioner received a pay check, which included the raise involved. She cashed that check without mentioning its receipt to either Ms. Perez or Mr. Shepard. When the superiors learned of the receipt and cashing of the check, Mr. Shepard initiated a termination proceeding, charging that: (1) she had engaged "in conduct unbecoming an employee" and (2) that she "failed to satisfactorily perform the duties required of her position." Petitioner instituted a "grievance hearing" which resulted in a formal finding that petitioner was "guilty of conduct unbecoming an employee of the" agency.
Petitioner then instituted the present proceeding, by a petition for administrative mandate under section 1094.5 of the Code of Civil Procedure. The trial court, after receiving evidence, denied the petition. This appeal followed.

I
(1) The agency contended below, and contends here, that it is not subject to Code of Civil Procedure section 1094.5 and that the executive director can terminate any employee at will. We disagree. The rules of the agency expressly provide that an employee in the status of petitioner,[2] may be terminated only for "cause," that she is entitled to notice and, on request, to a hearing before the board of the agency. That procedure was followed in this case. It was early held in Temescal Water Co. v. Dept. of Public Works (1955) 44 Cal.2d 90 [280 P.2d 1] that Code of Civil Procedure section 1094.5 applies whenever an agency exercises "an adjudicatory function in considering facts presented in an administrative hearing." It is clear that that rule applies here and that petitioner utilized the appropriate procedure in instituting the present proceeding.

II
The parties have briefed extensively many issues, including whether the trial court was required to exercise an "independent judgment," whether the administrative record supports the charge against petitioner, and whether there were procedural errors in the trial court. We need *935 not, and do not, determine those issues, since we conclude, for the reasons set forth below, that the termination was constitutionally invalid.

III
(2) Although the executive director's charge was based on the two grounds set forth above, and although the trial court purported to sustain the termination on the second ground  failure to perform the duties of principal accountant  we have before us only the first ground  conduct unbecoming an employee. A proceeding under section 1094.5 is a review only of the administrative action. It is the action, here of the board, that the trial court and we review. The independent judgment test does not authorize the trial court to substitute a new cause for the cause relied on by the agency. If, in fact (a matter we do not here decide), petitioner failed to perform her duties, she was entitled to have a finding to that effect made by the agency board; the board made no such finding, but limited its finding to the "conduct unbecoming" ground.
That ground is constitutionally inadequate to sustain a discharge, being too vague to form the basis for action against an employee. In California School Employees Assn. v. Foothill Community College Dist. (1975) 52 Cal. App.3d 150 [124 Cal. Rptr. 830], the court said (at pp. 155-156): "On its face, the rule proscribes conduct that is `unbecoming an employee in the public service.' It is obvious that any apparent limitation on the employee's conduct through the use of this qualifying term is illusory, for `unbecoming' has no inherent, objective content from which ascertainable standards defining the proscribed conduct can be fashioned. Like beauty, its content exists only in the eye of the beholder. The subjectivity implicit in the language of the rule permits district officials to enforce the rule with unfettered discretion, and it is precisely this potential for arbitrary enforcement which is abhorrent to the due process clause. Further, where, as here, a rule contains no ascertainable standards for enforcement, administrative and judicial review can be only a meaningless gesture. There is simply no benchmark against which the validity of the application of the rule in any particular disciplinary action can be tested." The cases relied on by the agency here sustained a somewhat similar ground on the basis that, in those cases, the regulation applied to employees within a specialized professional or semiprofessional group, having, within that group, recognized standards of professional conduct. Here the regulation covers all employees *936 of the agency; it sets forth no basis by which an employee may know what "conduct" the agency may treat as "unbecoming."
Since petitioner was discharged for a constitutionally invalid reason, the termination must be set aside.

IV
We are told that, while this case has taken its slow path to resolution, there has been a major reorganization involving, inter alia, the abolishment of the position held by petitioner. The effect of that action (if any) on the remedy to be given to petitioner is not before us on this appeal. On remand, the trial court shall grant such remedy as may, as of now, be appropriate. As a minimum, petitioner is entitled to be compensated with interest for the period up to and including any abolishment of her position applicable to her.

V
Although the present proceeding is of immediate benefit to petitioner, it also serves as a decision of general import, applicable to agencies and employees generally. The services of petitioner's counsel herein fall within the meaning of the "private attorney general" statute. On remand, the trial court shall fix and allow a reasonable fee for such services in the trial court and here.
The judgment is reversed for further proceedings consistent with this opinion. Petitioner shall recover her costs in this court.
Woods, J., and Dell, J.,[*] concurred.
A petition for a rehearing was denied December 10, 1981, and respondent's petition for a hearing by the Supreme Court was denied February 10, 1982.
NOTES
[1] At the administrative hearing, the agency board expressly refused to find that petitioner was responsible for the irregular manner in which a copy of the form reached payroll.
[2] We think it clear that section 1301 of the Government Code applies only to persons with a higher status than petitioner.
[*] Assigned by the Chairperson of the Judicial Council.